# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2261

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Seven Firearms and Ammunition; | * | |
| | * | [UNPUBLISHED] |
| Defendant, | * | |
| | * | |
| Tammy Wilson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 7, 2004
Filed:  November 24, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Appellant Tammy Wilson challenges the district court's[1] adverse grant of summary judgment, and the denial of her cross-motion for summary judgment, in this 18 U.S.C. § 924(d)(1) action to forfeit and condemn seven firearms and various

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

ammunition (defendant property) for violations of 18 U.S.C. § 922(g)(1) (unlawful for felon to possess firearms or ammunition).  We affirm.

Contrary to Wilson's arguments, the district court had jurisdiction over this action, see 28 U.S.C. §§ 1355(a) (district courts have original jurisdiction over action for forfeiture under any Act of Congress), (b) (forfeiture action may be brought in district in which any acts giving rise to forfeiture occurred or in district specified by 28 U.S.C. § 1395), and 1395(b) (forfeiture proceeding may be prosecuted in district where defendant property is found), and the action was not untimely because the government began administrative forfeiture proceedings by publishing notice 37 days after the defendant property was seized, see 18 U.S.C. § 924(d)(1) ("Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure."); United States v. Ninety-Three Firearms, 330 F.3d 414, 417, 422-23 (6th Cir. 2003) (federal agency commenced administrative forfeiture proceedings by publication; § 924(d)(1) does not mandate that judicial actions be brought within 120 days of seizure, as long as administrative proceeding has been brought within that timeframe).

As to the merits of Wilson's claimed interest in the defendant property, we assume without deciding that Wilson inherited an ownership interest in the defendant property from her deceased husband, and that she could assert the defense of innocent ownership.  See 18 U.S.C. § 983(d)(1) (innocent owner's interest in property shall not be forfeited under any civil forfeiture statute), (d)(2)(A)(i) (innocent owner means owner who did not know of conduct giving rise to forfeiture).  We conclude, however, that Wilson did not show she was an innocent owner, because she knew her husband was a convicted felon who could not legally possess the defendant property. Hence, the defendant property was subject to forfeiture.

Accordingly, we affirm.

_____

-2-